IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERGE OFFICE INTERIORS, INC., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:19-cv-00336-M |
| ALFA ADHESIVES, INC., | | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ALTER CONFIDENTIALITY DESIGNATION AND UNSEAL COURT RECORDS

Before the Court is Plaintiff's Motion to Alter Confidentiality Designation and Unseal Court Records (the "Motion"). (ECF No. 86). For the following reasons, the Motion is **GRANTED**.

I.  **Factual and Procedural Background**

Plaintiff, Merge Office Interiors, Inc., manufactures office furniture. Defendant, Alfa Adhesives, Inc., makes glue used in textile-covered furniture panels. This case concerns the allegation that Plaintiff's furniture panels were discolored by Defendant's glue.

On August 23, 2019, Plaintiff moved for sanctions against Defendant for allegedly producing fabricated documents in discovery, namely copies of altered customer communication records. (ECF No. 38). At a December 18, 2019, hearing on the sanctions motion, Defendant's CEO, Darren Gilmore, testified that the alterations stemmed from searches he ran on a duplicate "test database" that he created to test the efficacy of searches on Defendant's actual customer communication database. (*See* ECF Nos. 72, 75 at 24, 31, 38–40). Gilmore stated that

Defendant had a variety of templates in its customer relationship management system to facilitate more efficient communication with its customers, and that he used some of those templates to search the test database. (*See* ECF Nos. 72, 75 at 19–20, 85–86, 106–109).

On December 23, 2019, this Court ordered Defendant to produce all templates in its customer relationship management system, and to conduct a full search of its databases for certain terms. (ECF No. 65). In response, Defendant then filed templates, as well as a statement on its position that the templates were consistent with Gilmore's testimony. (ECF Nos. 71, 82). Defendant also claims it produced the results of Gilmore's database search, one set of which contained 188,086 documents (the "Production"). In claimed compliance with the Agreed Protective Order in this case, Defendant marked each document as "Confidential Attorney Eyes Only Information," purportedly due to the volume of the Production and the costs associated with implementing redactions of allegedly confidential information, as permitted by the Court, but apparently not made by Defendant. (ECF Nos. 18, 93 at 1).

On February 18, 2020, Plaintiff filed two sealed documents: its Response to Defendant's Statement Regarding Templates Evidence (the "Response") (ECF No. 84), and a corresponding Appendix (the "Appendix") (ECF No. 85). Plaintiff requested that Defendant remove the confidentiality designations of Appendix Exhibits A, B, and D, which reflect Defendant's alleged conversations with its customers, including Plaintiff. (ECF Nos. 86 at 1, 3 (noting timeline in the Certificate of Conference), 93 at 2). Defendant declined. (ECF Nos. 86 at 2, 93 at 4–5).

On February 20, 2020, Plaintiff filed its Motion to unseal Exhibits A, B, and D (ECF Nos. 85-1, 85-2, 85-4), and its Response (ECF No. 84).

Plaintiff alleges that neither the Response nor Exhibits A, B, and D contain any confidential information, because Exhibit A has already been used in this litigation without a confidentiality designation, and because Exhibits B and D are the redacted versions of those in the Production. Plaintiff also alleges that the Response does not include any confidential information. Defendant has not disputed these allegations.

## II. Legal Standard

Federal Rule of Civil Procedure 26(c) permits courts to enter protective orders. Good faith compliance with protective orders is essential. *Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671, 676 (E.D. Tex. 2015). Nevertheless, courts retain broad discretion to determine the enforcement of a protective order. *Chisom v. Jindal*, 890 F. Supp. 2d 696, 711 (E.D. La. 2012); *see also Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978); *SEC v. Van Waeyenberghe,* 990 F.3d 845, 848 (5th Cir. 1993).

## III. Analysis

Defendant argues that Plaintiff's Motion should be denied because Plaintiff allegedly did not comply with the terms of the Agreed Protective Order. The Agreed Protective Order states, in part:

> "Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. *If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame*, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information."

(ECF No. 18 ¶ 5) (emphasis added).

3

On February 18, 2020, Plaintiff challenged Defendant's designations, and filed its Response and Appendix with the Court. (ECF Nos. 84, 85, 86 at 3). Two days later, Plaintiff filed its Motion.

Plaintiff argues that the Agreed Protective Order merely permits the producing party ten days to consider a challenge to a designation, and that Defendant's immediate denial of its request to alter the designations allowed Plaintiff to file its Motion without waiting the full ten days. The Court finds that the Agreed Protective Order requires a party to wait ten days after challenging a designation before seeking an order from the Court. Nevertheless, Plaintiff states that it believed it was complying with the Agreed Protective Order by filing the Motion right away, because the Agreed Protective Order requires parties to "not unreasonably file under seal pleadings, motions, or other papers that do not qualify for protection . . . ." (ECF No. 18 ¶ 13). The Court finds that Plaintiff acted in good faith when filing its Motion and that the Defendant was in no way harmed by the timing. Defendant acknowledges that its position on the designations would not have changed had Plaintiff waited ten days before filing the Motion.

The Agreed Protective Order states that the "Confidential Attorney Eyes Only Information" designation is warranted when a "document is comprised of information that the producing party deems especially sensitive." (ECF No. 18 ¶ 2). Here, the producing party, Defendant, has not disputed Plaintiff's allegation that neither the Response nor Exhibits A, B, and D contain any confidential information. Thus, the Court finds that the Response and Exhibits A, B, and D do not qualify for the "Confidential Attorney Eyes Only Information" designation under the Agreed Protective Order.

Thus, Plaintiff's Motion to Alter Confidentiality Designation and Unseal Court Records is **GRANTED**. The "Confidential Attorney Eyes Only Information" designations on Exhibits A,

B, and D (ECF Nos. 85-1, 85-2, 85-4) are altered to be non-confidential. The Clerk of Court shall unseal the Response (ECF No. 84) and Exhibits A, B, and D (ECF Nos. 85-1, 85-2, 85-4).

**SO ORDERED**.

April 21, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE