IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERGE OFFICE INTERIORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00336-M |
| | § | |
| ALFA ADHESIVES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER AWARDING PLAINTIFF
ATTORNEY'S FEES RELATED TO ITS MOTION FOR SANCTIONS**

Before the Court is Plaintiff's Notice Identifying Attorney's Fees, (ECF No. 73), which requests an award of fees in the amount of $94,814.20, plus additional fees in the event that Defendant objected to its attorney's fees evidence, and Defendant's objections thereto. For the reasons stated below, the Court awards Plaintiff attorney's fees related to its Motion for Sanctions in the amount of $60,000.

**I.      Factual and Procedural Background**

Plaintiff, Merge Office Interiors, Inc., manufactures office furniture. Defendant, Alfa Adhesives, Inc., makes glue used in textile-covered furniture panels. This case concerns the discoloration of Plaintiff's furniture panels allegedly resulting from Defendant's glue.

On August 23, 2019, Plaintiff filed a Motion for Sanctions against Defendant for allegedly producing in discovery fabricated documents. (ECF No. 38). At a December 18, 2019, hearing on the sanctions motion, Defendant's CEO, Darren Gilmore, testified that he ran searches on a duplicate "test database" to test the efficacy of searches on Defendant's actual customer communication database. (*See* ECF Nos. 72, 75 at 24, 31, 38–40). Gilmore stated that

Defendant had a variety of templates in its customer relationship management system to facilitate more efficient communication with its customers, and that he used some of those templates to determine if the test database could be searched and that he altered original communications with customers to do that. (*See* ECF Nos. 72, 75 at 19–20, 85–86, 106–109). Both the original and altered documents were produced in discovery.

On December 23, 2019, this Court ordered Defendant to produce all templates in its customer relationship management system, and to conduct a full search of its databases for certain terms. (ECF No. 65). The Court also stated it would grant Plaintiff attorney's fees in connection with the Motion for Sanctions, and directed Plaintiff to submit evidence of such fees. (*See id.* at 2).

On January 17, 2020, Plaintiff submitted evidence of its claimed attorney's fees, including an affidavit of its lead attorney, Austin Champion, and its redacted invoices. (ECF Nos. 73–74).

On February 20, 2020, Defendant objected to Plaintiff's attorney's fees evidence. (ECF No. 87).

**II.     Legal Standard**

In adjudicating an attorney's fees award, a court first calculates a "lodestar" fee by multiplying the hours expended by reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Then a court must consider whether the lodestar figure should be adjusted upward or downward. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power*, 50 F.3d at 331.

### III. Analysis

Plaintiff seeks $94,814.20 in attorney's fees plus fees for responsive briefing if Defendant objected to its attorney's fees evidence, which Defendant did. (*See* ECF Nos. 74-1 ¶ 8 at j, 87).

Adequately documented time records are sufficient to demonstrate the hours expended. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). It is common practice for law firms to write off "unproductive, excessive, or redundant hours." *Walker v. U.S. Dept. of Hous. and Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Plaintiff alleges that its counsel expended a total of 283.45 hours related to the Motion for Sanctions, through the work of three people: Austin Champion, a partner, Ben Jones, a fifth year associate, and Courtney Timmons, a paralegal. (ECF No. 74-1 ¶ 8). Plaintiff asserts that these hours include those for which the law firm sought payment from Merge (billed hours) and those for which it did not seek payment (unbilled hours), due to the law firm's concern that Merge could not afford to pay for all of its full services. (*Id.* ¶ 5). Plaintiff's counsel asserts that these adjustments are recorded as line-item discounts on the invoices, and that additional downward fee adjustments were made for work deemed unproductive, excessive, or redundant, which were not recorded on the invoices. (*Id.* ¶ 6). Plaintiff's counsel summarized the services, hours, and fees it seeks. The hours incurred, for which Plaintiff seeks compensation, were 91.65 for Mr. Champion, 162.9 hours for Mr. Jones, and 28.9 hours for Ms. Timmons, at an hourly rate of $450 an hour, $300 an hour, and $175 an hour, respectively, for a total of $94,814.20, $14,122.50 of which was unbilled, plus post-objection fees.

Rates are reasonable when they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v.*

*Stenson*, 465 U.S. 886, 895 n.11 (1984). It is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's fees. *SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2015 WL 179025, at *5 (N.D. Tex. Jan. 14, 2015) (Lynn, J., presiding) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)).

Plaintiff asserts that hourly rates of $450 for Champion, $300 for Jones, and $175 for Timmons, are reasonable, and provides as support Champion's Affidavit, which attests to the qualifications and experience of all three individuals. (*See* ECF No. 74-1 ¶¶ 2–4, 8). Defendant does not contest the reasonableness of these rates. Based on the Court's knowledge of rates charged for legal services by attorneys with the level of skill, competence, and ability of Plaintiff's counsel and paralegal in the Dallas legal community, and its experience in setting attorney's fees in other cases, the Court determines that the hourly rates asserted are reasonable. *See HCC Aviation*, 2008 WL 850419, at *10; *see also Synthes Spine Co., L.P. v. Potential Med. Servs. I, LLC*, No. CIV A 307CV-162M BH, 2008 WL 4392218, at *3 (N.D. Tex. Sept. 26, 2008) (Lynn, J., presiding).

In paragraph eight of the Champion Affidavit, Mr. Champion estimated Plaintiff's counsel would incur $2,250 to $4,500 in fees in connection with any responsive briefing if Defendant objected to its attorney's fees evidence, in addition to $94,814.20. (ECF No. 74-1 ¶ 8 at j).

Because Plaintiff has not provided information on the hours actually expended on responsive briefing, the Court employs an hourly rate of $375 for the time spent reviewing Defendant's objection to Plaintiff's attorney's fees evidence and drafting a response, which is the average of the rates of the attorneys who performed work related to the Motion for Sanctions,

Champion and Jones. If the Court were to award the median of Plaintiff's estimate, $3,375, this equates to a total of nine hours spent reviewing Defendant's objection and drafting a response, which is reasonable.

Defendant objects to Plaintiff's attorney's fees evidence on several bases. First, Defendant objects to Plaintiff's lawyers' use of block billing. "The term 'block billing' refers to 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Barrow v. Greenville Indep. Sch. Dist.*, 3:00-CV-0913-D, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005), *aff'd*, 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007).

Defendant argues that Plaintiff seeks attorney's fees for block billing entries on the invoices, even when such entries contain services that have been redacted. However, Plaintiff is not seeking an award for all time reflected in the invoices, but only those related to the Motion for Sanctions. (*See* ECF No. 74-1 ¶¶ 5, 6, 8). Further, while some of the entries in the invoices contain redacted and unredacted services without an itemization of the time spent on each service, the descriptions are sufficiently detailed for the Court to assess the reasonableness of the work performed. (*See* ECF No. 74-2 at 23–26; *see also Hollowell v Orleans Regional Hosp. LLC*, 217 F.3d 379, 392–93 (5th Cir. 2000); *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 823 (5th Cir. 1997) (where defendant failed to provide court with detailed information on how total number of hours claimed in attorney's fees were unreasonable, "the district court's familiarity with the legal work done on this . . . case as well as our deferential standard of review . . . [constrained court] to hold that the district court had sufficient information before it to determine reasonable hours")).

5

Defendant next argues that many of Plaintiff's claimed attorney's fees are unrelated to the Motion for Sanctions. The Court agrees that Item H in paragraph eight of the Champion Affidavit seeks attorney's fees for services related to the database search, which the Court stated at the December 18, 2019, hearing was part of discovery and not a sanction. (*See* ECF No. 74-1 ¶ 8 at h; *see also* ECF No. 75 at 140–41). Three of the four services in Item H relate to the database search: preparing and submitting search terms, responding to Defendant's confidentiality issues, and conferring on discovery issues for Defendant's efforts to search with Plaintiff's proposed search terms. (*See* ECF No. 74-1 ¶ 8 at h). Plaintiff did not provide the number of hours spent on each service in Item H, so the Court cannot segregate the specific number of hours expended on the only service related to the Motion for Sanctions—reviewing and analyzing Defendant's production of templates. *HCC Aviation Ins. Grp., Inc. v. Employers Reinsurance Corp.*, No. 3:05-CV-744BH, 2008 WL 850419, at *7 (N.D. Tex. Mar. 21, 2008) (Lynn, J., presiding). Thus, the Court excludes all time in Item H in paragraph eight of the Champion Affidavit. *See id.* (citing *Rappaport v.. State Farm Lloyds,* 2000 WL 769224, at *4 (N.D. Tex. June 13, 2000) (denying fees requested for a specific period after finding that the failure to segregate made it "impossible for the Court to determine the amount of time reasonably expended")); *see also* ECF No. 74-1 ¶ 8 at h. That results in a deduction of $2,040.

Third, Defendant objects that Plaintiff's descriptions of time spent are vague. In calculating attorney's fees, courts may exclude time expended on tasks that are insufficiently described. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995) (holding that "[t]he district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review"). A complete entry includes the date, the number of hours spent (calculated to the tenth

6

of an hour), and a short but thorough description of the services rendered. *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1236 (5th Cir. 1997). The description must "inform the Court precisely what work was done." *HCC Aviation*, 2008 WL 850419, at *9 (citing *Hopwood v. State of Tex.,* 999 F.Supp. 872, 916 n.93 (W.D. Tex. 1998)). However, a court "should analyze whether particular hours were reasonably expended rather than making an across-the-board reduction based on inadequate documentation." *League of United Latin Am. Citizens,* 119 F.3d at 1233.

  Defendant argues that many entries in the invoices are too vague. The majority of the entries in the invoices are thorough descriptions of the work performed for the claimed hours. The Court concludes that the invoices contain sufficient specificity to enable the Court to evaluate whether the expenditure of time related to the Motion for Sanctions was reasonable. *Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*, No. CIVA3:05CV1745M, 2008 WL 4133083, at *6 (N.D. Tex. Aug. 29, 2008) (Lynn, J., presiding). Thus, Defendant's vagueness objection is overruled.

  The Court finds that the number of hours spent multiplied by a reasonably hourly rate, plus estimated fees for responsive briefing to the attorney's fees evidence, yields a lodestar of $96,149.20. However, the Court concludes that this is an inappropriately large sum, given the amount in controversy and the amount of time that should have been reasonably spent on the Motion. *See Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (holding that, in determining an award of attorney's fees, a court may consider whether "the requested fees . . . bear a reasonable relationship to the amount in controversy or to the complexity of the case"); *see also Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258 (5th Cir. 2018) (reducing lodestar by sixty percent due in part to the amount involved); *Johnson v.*

*Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). The district court has "broad discretion in determining the amount of a fee award." *Hollowell,* 217 F.3d at 392.

The Court finds a reasonable attorney's fee for Plaintiff's counsel to be taxed against Defendant as a sanction is $60,000. Defendant is therefore ordered to reimburse Plaintiff $60,000 for Plaintiff's reasonable and necessary fees incurred in connection with the Motion for Sanctions.

**SO ORDERED**.

May 3, 2020.

BARBARA M. G. LYNN
CHIEF JUDGE